Case 4:25-cv-04756   Document 11   Filed on 11/03/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA GRANADOS GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-25-4756 |
| | § | |
| PAMELA BONDI, United States Attorney General, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Erika Granados Gonzalez is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Center. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). She has also filed an ex parte motion for a temporary restraining order and preliminary injunction. (Docket Entry No. 7). For the reasons set forth below, the court grants in part Granados Gonzalez's petition and orders the respondents to conduct a bond hearing within fourteen days of this order or release her.

**I.   Background**

Granados Gonzalez is a citizen of Mexico who entered the United States without inspection in January 2005. (Docket Entry No. 1) (¶ 14). Since then, she has lived in the United States continuously, and she has two children who are citizens. (*Id.*). On September 25, 2025, ICE agents arrested her as she was driving home after dropping her son off at school. (*Id.*) (¶ 22). On October 4, 2025, she filed a petition for habeas corpus, asserting that she was entitled to a bond hearing.

(*Id.*) (¶ 5).  When she filed her petition, she had not yet filed a motion for bond, but she anticipated it would be denied for lack of jurisdiction because the immigration judge (IJ) is bound by the recent decision of the Board of Immigration Appeals (BIA) in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.*) (¶¶ 6, 24).  On October 10, 2025, as Granados Gonzalez had predicted, an IJ denied her a bond hearing, concluding that under *Matter of Yajure Hurtado*, he lacked jurisdiction to provide her with such a hearing.  (Docket Entry No. 7-1).

On October 24, 2025, while awaiting the respondents' response to the petition, Granados Gonzalez filed an ex parte motion for a temporary restraining order and preliminary injunction, requesting largely the same relief as her petition.  (Docket Entry No. 7).  On October 28, 2025, the federal respondents filed their response in opposition to the petition and motion for summary judgment, arguing that (1) Granados Gonzalez had failed to exhaust administrative remedies as required before seeking habeas relief, (2) the relevant statutory language is unambiguous, (3) the court lacks jurisdiction, and (4) as applied to Granados Gonzalez, the relevant statute comports with due process.[1]  (Docket Entry No. 8).

**II.   Analysis**

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

---

[1] Warden Frink joined the federal respondents' motion.  (Docket Entry No. 10).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an IJ to provide a petitioner with procedural protections such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the county and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing must be detained until their removal proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2]

This new interpretation has been roundly rejected by almost every court to consider the issue, including this court. *See id.* at *3 (collecting cases). Although the respondents acknowledge this court's prior ruling in *Buenrostro-Mendez*,[3] they nonetheless assert that the statutory language is "unambiguous" in requiring that Granados Gonzalez be detained under § 1225. (Docket Entry No. 8 at 16). The respondents have provided no persuasive reason, however, for this court to depart from its prior ruling nor from the rulings of the more than 20 federal courts to consider this

---

[2] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[3] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20).

issue. "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)." *Buestan v. Chu*, Civ. Action No. 25-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025).[4] The respondents are ordered to provide Grandos Gonzalez with a bond hearing within fourteen days of this order or release her.[5]

Because the court provides Granados Gonzalez with the relief she seeks based on § 1226(a), the court need not reach her additional challenges to her detention as violations of the Fifth Amendment and of the Administrative Procedure Act, among other bases for relief. *See Hernandez Lopez v. Hardin, et al.*, No. 2:25-cv-830, 2025 WL 3022245, at *5 (M.D. Fla. Oct. 29, 2025) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8). If the respondents do not provide Granados Gonzalez with a bond hearing within fourteen days as ordered, she may renew her other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

### III.   Conclusion

---

[4] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. Nor do the respondents' jurisdictional challenges hold water. As many courts have explained, 8 U.S.C. § 1252 does not deprive courts of jurisdiction in these circumstances because Granados Gonzalez is not directly challenging her removal proceedings, but only her continued detention pursuant to the government's new interpretation of § 1225. *See, e.g.*, *Martinez Lopez v. LaRose*, No. 25-cv-2717, 2025 WL 3030457, at *2 (S.D. Cal. Oct. 30, 2025); *Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sep. 29, 2025). "Challenging how an alien is classified between §§ 1225 and 1226, like here, is best understood as independent of, and collateral to, the removal process because it may be resolved without affecting the Attorney General's prosecutorial discretion that" Congress meant to preserve. *See Hernandez Lopez v. Hardin*, No. 2:25-cv-830, 2025 WL 3022245, at *3 (M.D. Fla. Oct. 29, 2025).

[5] Among her requests for relief, Granados Gonzalez asks that the court issue a writ of habeas corpus directing the respondents to release her immediately or, alternatively, providing her with a bond hearing under 8 U.S.C. § 1226(a). (Docket Entry No. 1 at 26). The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4. The court rejects the respondents' argument that the only relief available to Granados Gonzalez is release through custody. (Docket Entry No. 8 at 16). The "comfortable majority position" is to require a bond hearing before an IJ. *See Lopez-Arevelo v. Ripa*, Cause No. EP-25-cv-337, 2025 WL 2691828, at *12 (W.D. Tex. Sep. 22, 2025).

For the reasons stated above, the court grants Granados Gonzalez's petition for a writ of habeas corpus in part. (Docket Entry No. 1). The courts denies the request for a temporary restraining order as moot. (Docket Entry No. 7). The court denies the respondents' motion for summary judgment. (Docket Entry No. 8). The respondents must provide Granados Gonzalez with a bond hearing under § 1226(a) by November 17, 2025, or release her. The parties are to update the court on the status of her bond hearing no later than November 20, 2025.

SIGNED on November 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge